UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| VS. ) | SA-18-CR-862-XR |
| ) | |
| WILLIAM ALEXANDER ) | |
| PEREZ-ORTEGA ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS INDICTMENT**

Defendant claims that the August 15, 2013 Notice to Appear (NTA) was defective inasmuch as the notice left blank the date and time of his hearing, and that this caused the Immigration Court to lack jurisdiction. This Court has previously rejected arguments that the Immigration Court lacked jurisdiction because of a defective NTA. *See, e.g. United States v. Espinoza*, SA-19-CR-037-XR (W.D. Tex. Mar. 15, 2015).

What sets this case apart, however, is that on August 7, 2013, an asylum officer found that the Defendant had established a credible fear of torture. This should have led the Defendant to a right to a hearing on the merits of his asylum claim, a hearing that was set for October 9, 2013. For reasons not explained in the immigration court record, that October 9 hearing never took place, and another type of immigration proceeding[1] took place on September 16, 2013.

The Government contends that the Defendant waived his right to asylum at the September 16 hearing, and implies that the Immigration Judge was merely attempting to assist the Defendant by getting him out of detention and removed expeditiously. Defense counsel contends that any waiver of asylum claim was not made knowingly and voluntarily. Defendant's expert witness, a professor teaching

---
[1] Presumably a bond reduction hearing, but that is not clear from the record.

1

and practicing immigration law, opines that the conversion of a hearing set as a bond reduction into a "master calendar" hearing was unusual and procedurally improper.

The September 16 hearing deprived the defendant of the opportunity to develop his claim for asylum and further judicial review. Further, the entry of the underlying order was fundamentally unfair in that insofar as the record below establishes, he was unaware what type of hearing he was facing on September 16. These procedural deficiencies caused the Defendant actual prejudice.[2] *See United States v. Lopez-Vasquez*, 227 F.3d 476, 484 (5th Cir. 2000) (articulating elements that need to be met to establish a collateral attack on a Section 1326 claim). The Government in this case secured an audio recording of the September 16 immigration court hearing. Regrettably for the Government in this prosecution, the tape only recorded the translator speaking in Spanish and the record is confusing as to what occurred. The Immigration Judge appears to discuss the asylum claim with the Defendant, but then also discusses preferences for the venues where the Defendant could be deported. The Immigration Judge does not appear to ask the Defendant why he is conceding his asylum claim. The tape also is confusing inasmuch as it could actually contain a recording of two different hearings (held on the same day or different dates). In this case, where an asylum officer found that a credible fear had been established by the Defendant because his aunt and mother were killed by members of a gang and the Defendant was threatened with death if he failed to pay certain protection monies, the underlying immigration record does not establish that a knowing and voluntary waiver of the asylum claim had been made at the apparently hastily arranged September 16 hearing.

Defendant's motion to dismiss the indictment is GRANTED.

SIGNED this 20th day of March, 2019.

---

[2] The Defendant would have had a reasonable likelihood of success on an asylum claim. *See United States v. Reyes-Romero*, 327 F. Supp. 3d 855, 891 (W.D. Pa. 2018). *See also United States v. Miranda-Rivera*, 206 F. Supp. 3d 1066, 1072 (D. Md. 2016).



XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE